IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. GRESS *et al.*, | : | |
| | : | 1:14-cv-2085 |
| Appellants, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| JOHN P. NEBLETT, *et al.*, | : | |
| | : | |
| Appellees. | : | |

## MEMORANDUM

### March 13, 2015

Pending before the Court is Appellee's Motion to Dismiss for Failure to Prosecute. (Doc. 6). For the reasons that follow, this Motion shall be granted.

## I.   BACKGROUND

Appellants Michael J. and Brandy L. Gress, debtors in a voluntary Chapter 7 bankruptcy matter pending before Bankruptcy Judge Mary D. France, filed this bankruptcy appeal on October 30, 2014.[1] The Appellants contest a September 19, 2014 order issued by Judge France denying certain exemptions taken by the debtors and compelling turnover of certain assets. The underlying bankruptcy has been stayed pending this appeal.

---

[1] The underlying bankruptcy matter is docketed at 1:13-bk-06202 (M.D.Pa).

Pursuant to Rule 8018 of the Federal Rules of Bankruptcy Procedure, an appellant must serve and file a brief within thirty (30) days after the docketing of notice that the record has been transmitted or available electronically.  In this matter, since the record was transmitted on October 31, 2014, the Appellants' brief was due on November 17, 2014.  No brief was filed by this deadline.  Thereafter, on February 3, 2014, we issued an Order granting the Appellants thirty (30) days within which to file their brief. (Doc. 5).  This deadline has passed with no filing by the Appellants, prompting the Appellee's instant Motion to Dismiss for failure to prosecute.  (Doc. 6).

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." F. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as

*Poulis* factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 868 (3d Cir.1984).

*Emerson,* 296 F.3d at 190.

In this case, a dispassionate assessment of the *Poulis* factors weighs heavily in favor of dismissing this bankruptcy appeal. At the outset, a consideration of the first *Poulis* factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to the Appellants, who have failed to abide by filing deadlines and court orders and have made no effort to communicate with the Court regarding the same. Similarly, the second *Poulis* factor– the prejudice to the adversary caused by the failure to abide by court orders–also calls for dismissal of this action. The Appellants' failures to timely prosecute this bankruptcy appeal is prejudicial to the Appellee because the underlying bankruptcy

proceeding has been stayed pending the resolution of the matter *sub judice*. If this matter is not brought to closure, the bankruptcy will be stayed indefinitely.

When one considers the third *Poulis* factor-the history of dilatoriness on the plaintiff's part–it becomes clear that dismissal of this bankruptcy appeal is now appropriate. The Appellants have failed to timely file their brief in accordance with the applicable rules, and when given a further opportunity to file a brief by our Order of February 3, 2015, they failed to comply with the said Order.

The fourth *Poulis* factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the Appellants. At this juncture, when the Appellants have failed to comply with instructions of the Court directing them take specific actions in this case, the Court is compelled to conclude that the Appellants' actions are not accidental or inadvertent but instead reflect an intentional disregard for this bankruptcy appeal and the Court's instructions.

*Poulis* also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal. Appellants appear to have abandoned their bankruptcy appeal entirely, which obviously virtually eliminates the ability of the Court to utilize other lesser sanctions to ensure that this matter progresses in an orderly fashion. In any event, by entering our prior Order, and counseling the Appellants on their obligations in this case, we have endeavored to use lesser sanctions, but to no avail.

The Appellants still decline to file their brief in support of their bankruptcy appeal, which is the gateway submission to deciding this matter.  Without the filing of their brief, this Court is unable to decide the merits of their appeal.  Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under *Poulis* we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. Because Appellants have made no legal argument in favor of their bankruptcy appeal, we simply cannot pass judgment on the merits of the matter.   Therefore, all of the *Poulis* factors cry out for dismissal of this case, and we shall do so.

An appropriate Order shall issue.